```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF MARYLAND
                         SOUTHERN DIVISION


- - - - - - - - - - - - - - - x
                              :
NATIONAL ASSOCIATION FOR      :
THE ADVANCEMENT OF            :
COLORED PEOPLE, et al.,       :   Civil No.: 18-00891-PWG
                              :
         Plaintiffs,           :
                              :
    v.                        :
                              :
BUREAU OF THE CENSUS, et al., :
                              :
         Defendants.          :   May 8, 2018
                              :
- - - - - - - - - - - - - - - x   Greenbelt, Maryland
```

**HEARING VIA TELEPHONE CONFERENCE**

BEFORE:   THE HONORABLE PAUL W. GRIMM, Judge

APPEARANCES:              JACOB ALDERDICE, Esq.
                          Jenner and Block LLP
                          919 Third Avenue
                          New York, NY 10022
                             On Behalf of the Plaintiffs

                          CAROL FEDERIGHI, Esq.
                          U.S. Department of Justice
                          Civil Division Federal Programs Branch
                          P.O. Box 883
                          Washington, DC 20530
                             On Behalf of the Defendants

Audio Operator:           Jessi Hibbs

Transcription Company:    CompuScribe
                          5100 Forbes Boulevard
                          Suite 101
                          Lanham, MD 20706
                          (301) 577-5882


Proceedings recorded by electric sound recording, transcript produced by transcription service.

1                        P R O C E E D I N G S

2          (Whereupon, at 4:02 p.m., the hearing began.)

3          THE COURT:  All right this is Judge Grimm, before we
4   get started here, the message said that we had ten people on
5   the line and having reviewed the complaint that there are many
6   counsel who are actually participating in this call.

7          If I have a lot of people on the speaker phone it is
8   going to affect background noise and people shuffling papers.
9   Sometimes I get treated to sirens going by or someone at home
10  and the dog is barking or a baby is crying.  And all of that
11  makes it harder to get done what we need to get done.  So I
12  would like to have as few people on conference calls as
13  possible.

14         And if you are on the conference call please keep
15  your papers away from the receiver of speaker that is going to
16  be transmitting, so I don't hear a bunch of shuffling paper.  I
17  will try to do the same so that you don't have to hear
18  shuffling paper on my end.

19         Is there a single person who is going to speak on
20  behalf of the plaintiffs in this call?

21         MR. ALDERDICE:  Yes, good afternoon Your Honor, this
22  is Jacob Alderdice, of Jenner and Block for the plaintiffs.

23         THE COURT:  All right.  Let me just make a note of
24  that.  And is there someone who will speak for the defendants?

25         MS. FEDERIGHI:  Yes, Your Honor, this is Carol

1    Federighi, from the Justice Department and I will be speaking

2    on behalf of the defendants.

3            THE COURT: Okay. Thank you very much. Could you

4    spell your last name ma'am?

5            MS. FEDERIGHI: Yes, it is F- as in Frank,

6    e-d-e-r-i-g-h-i.

7            THE COURT: Thank you. I do have you on the speaker

8    phone and my law clerk is here and I do have in case we issue

9    any rulings here, I do have my courtroom deputy is recording

10   this call on the record electronically. We are in the

11   courtroom and so we are typing it through the court's

12   electronic record keeping file. There is no live court

13   reporter but it is just actually be on the record, so in the

14   event that there is a ruling that I make, I usually follow it

15   up with a letter order but will have it on the record as well,

16   as well as our conversations here.

17           I have had the opportunity to review the complaint

18   that has been filed. And the count that it alleges and the

19   relief that it seeks. And I have had an opportunity to review

20   ECF 19 which is the request for this conference. And in it,

21   the plaintiffs have expressed their desire to have an expedited

22   rule 16(b) conference to talk about scheduling and possibly

23   discovery to begin before there is any either resolution on the

24   motion to dismiss or an answer has even been filed because the

25   Government has some time before they have to file that answer.

1              It seems to me that whatever service may have
2    happened, if I look correctly at the service of process filed
3    in the court docket that there were some folks served in early
4    April and the Government has six days under the rules before it
5    has to do anything.  So it has that for a reason because it has
6    to make a large(sic) decisions and it has to take into
7    consideration the views of more than just one particular person
8    as is the case here where we have defendants such as we have.
9              So I want to get a sense of how best to proceed in
10   the scheduling of this case and the best way to do that is to
11   involve the parties in getting them to have discussions between
12   themselves as to what their verdict views are as to how the
13   case should be scheduled.  And then once they have had a chance
14   to share their views between the two of them, the parties then
15   for the Court to be involved that is contemplated by Rule
16   26(b)(1)(b) -- excuse me, 16(b)(1)(b) to be able to get
17   everybody on board before any kind of scheduling order is
18   issued.
19             I am -- I have a pretty good idea what some of the
20   thoughts are on behalf of the plaintiff.  The defendant, I
21   don't even think has --- service but it certainly hasn't even
22   90 days after service and that is when -- 90 days after service
23   or 60 days after the entry of an appearance and I don't believe
24   that there has been entry of an appearance on behalf of the
25   defendant.  So the defendants have not really gotten the point

1  in the procedures where they are required to weigh in, in a
2  way, that allows us to know what is challenged and what is not
3  challenged, but I -- it strikes me that there may be, as
4  Ms. Federighi just said, that the Government may indeed be
5  contemplating a preliminary motion is that accurate?
6           MS. FEDERIGHI:  Yes, Your Honor.  That is correct.
7  By our calculation our answer is due June 8 and we do plan to
8  file a dispositive motion on that date that we think will raise
9  serious issues about the stability of this case and whether
10 plaintiffs actually have any viable claims on which this Court
11 could order relief.
12          THE COURT:  Okay, let me just say this, please don't
13 get off on the wrong foot.  ECF clearly(sic) requires if you
14 want to file a motion, you have to file one or three pages(sic)
15 --- or less setting forth the motion you want to file.  It
16 tolls the time to file it so you are not going to get cross
17 screened in terms of missing a deadline and having a default.
18 But I don't know how you to just file any motion for
19 substantive(sic) of discovery unless we got a little preview of
20 what they are as set forth in ECF 30.
21          I will get you on the phone quickly and we will talk
22 about a briefing schedule and that is an important time to talk
23 about knowing what the Government might have in mind for a
24 motion.  Informs me on some of the requests for relief that the
25 plaintiffs have identified which is, discovery and other

1   matters as well.  But it has occurred to me from reading the

2   complaint, that the Government might have some views about

3   whether the case can move forward.

4              MS. FEDERIGHI:  Yes, thank you, Your Honor, for

5   correcting me about the procedure.  I do understand that we do

6   have to file a letter first before filing the motion.  So we

7   will do that.

8              THE COURT:  Okay.  So let me make a suggestion as to

9   what you all can do between now and June 8.  I -- I know the

10  plaintiffs have given a good deal of thought in terms of

11  framing whatever discovery they might want to have.  And of

12  course there is authority for allowing in proper cases

13  discovery to proceed before a scheduling order is issued.  But

14  discovery can't proceed before a scheduling order is issued

15  until the parties have met and conferred and the Court issued a

16  scheduling order.

17             If the Government is going to be letting us know by

18  June 8 if it wants to file a preliminary motion and filling

19  that out in some detail and an awful lot of detail can come out

20  of a three page or less letter, I think it would be wise for

21  the plaintiffs if they could, between now and that same time

22  frame, to reach out to the Government and to start that perhaps

23  with a letter to identify what the plaintiffs refer to as

24  targeted discovery.

25             Obviously the discovery in any case has to be driven

 1   by the claims and defenses in the case, that is what is
 2   required by Rule 26(b)(1) and the portionality factors require
 3   us to take a look at a number of facts which take into
 4   consideration the issues of the case.  And it is a little hard
 5   to judge the issues of the case on a one sided basis.
 6              So we will have some ideas about what issues there
 7   are in the case once the Government articulates what the
 8   grounds for a motion it wants to file but my ability to decide
 9   whether or not some limited part of discovery would be allowed
10   while the preliminary motion is being briefed and moved on is
11   going to be dependant upon the ability of the plaintiffs to be
12   pretty specific in what that targeted discovery is.
13              That will then inform how the defendants tell me
14   what their response is that, whether they believe that under
15   Rule 26(b)(1), the portionality factors that discovery is ill
16   advised or bringing up any issues regarding burden or cost(sic)
17   and other matters as well.
18              So while the defendants are moving forward by the
19   8th of June, you tell us in that letter of submission what
20   dispositive motion they plan to file and before I get you on
21   the phone to set up a briefing schedule for that, to talk about
22   page limits and exhibits and all of that stuff, it will be
23   helpful for me to be able to address the concerns of the
24   plaintiff.  If the plaintiffs could take a little bit of a step
25   forward to put more flesh on the skeleton in terms of discovery

1    that they are interested in pursuing.

2            And if you could do that beginning of the letter and
3    then perhaps talking through it with, Ms. Federighi, if I have
4    informed information on that, I want to be able to address the
5    concerns of both sides as quickly as possible once I have some
6    idea about what the next step is from the Government.  Is that
7    something that the plaintiffs can give some thought to?

8            MR. ALDERDICE:  Yes, absolutely, Your Honor, we are
9    prepared to meet and confer with the defendants on targeted
10   discovery promptly.

11           THE COURT:  So again, just the more targeted and
12   focused it is combined with their ability to tell me what
13   concerns they may have about burden and costs, and your ability
14   to help me understand why it is relevant to key issues in your
15   complaint and also in any concerns you have about the fees(sic)
16   that you have asked that this case be scheduled on expedited
17   tracking.  All of those points will help me have the
18   information that I need to do the best job I can to take into
19   consideration legitimate concerns on both of your sides to come
20   up with what I think is the best way of approaching things.

21           So that would be appreciated by me if you could take
22   that into consideration.

23           MR. ALDERDICE:  Absolutely, Your Honor and if I may
24   would this be through a -- would we be providing information to
25   Your Honor through a rule 26 report or would this be another

1   letter?

2           THE COURT:  I --

3           MR. ALDERDICE:  If --

4           THE COURT:  No, you are right to ask you.  I want

5   you to have the most direct least formal way of communicating

6   with each other and me as possible.  So if you start doing

7   a -- report, it is going to blossom into something that takes

8   more time and effort and takes longer for the Government to

9   respond to.  The Government is going to be able to tell me  in

10  part, you have done a very fine job of telling me that 2020 is

11  not that far away and we are concerned about all of the things

12  that you have identified in the complaint.

13          The Government is going to be telling me, Judge, you

14  don't even have a role in this.  You may tell me that there is

15  no standing in this, there is no --- they may say that this is

16  a separation of powers and single -- I don't have any authority

17  to direct the funding of any executive branch.  There may be

18  any number of things that the Government wants to raise on

19  that.  And that is helpful for to know.

20          But if you say to me for example, we want

21  documentation to show that there is x resources only available

22  to do what the Census has always done before and that they are

23  -- and that we need that information to be able to show why we

24  should expedite the briefing and resolution of this as well as

25  try to get key discovery, that kind of information is helpful

1   for me to know and helpful for the defendant to know so that
2   they can respond to it.
3              And it is helpful for me to figure out what is the
4   best way to go forward when I have what their views are in
5   terms of their preliminary responses to the loss is.  I think a
6   letter that sets it out is perfectly fine.  And the more
7   targeted and key that you can do and if you got an issue that
8   you want to proffer there that they can consider, that would be
9   fine too.
10             But I don't want you to go to any formality.  I want
11  it filed on the record so I can look at and --- so they get an
12  electronic hit when it is filed  as well but I am all in favor
13  of short brief submissions in the most least formal way
14  possible to set it in fact --- information too.
15             MR. ALDERDICE:  Yes, Your Honor.  That is very
16  helpful guidance.  Thank you.
17             THE COURT:  Okay.  All right, so what I would like
18  to do is perhaps it would make sense for me to go ahead now and
19  try to schedule the next time that we talk.  And to have that
20  be after the 8th of June when the Government will have filed it
21  a pre-motion letter setting forth what its -- what it is
22  intended motions will be.  If I had it on the calendar now, it
23  will be better than if I wait until then and get you on the
24  phone to do it.  And I want to at least know what that  next
25  time is that we are going to talk.

1            In the meantime if plaintiffs file their little
2   letter identifying what their target of discovery is, I will
3   have had a chance to see that as well.  And then I will have
4   some better idea about the direction that we should probably
5   take when we talk after the 8th.  Does that make sense to both
6   sides?
7            MR. ALDERDICE:  Yes, Your Honor.
8            MS. FEDERIGHI:  Yes, Your Honor.
9            THE COURT:  Okay, let me pull up  my calendar folks
10  and let's see if we can get something on the schedule.  Give me
11  one second.
12       (Pause)
13           THE COURT:  June 8 is a Friday.  I start a two week
14  criminal case on June 18.  So I would be hoping that we could
15  perhaps and I am picking the jury on June 12, so that is going
16  to take much of that day.  I am hoping that maybe we could have
17  a conversation on Wednesday, June 13, maybe in the -- just
18  right after lunch time?  Maybe in 1:00 to 2:00 range?  Will
19  that work for your schedule?  Wednesday June 13, like say
20  around anytime from 12:30 to say 2:00?
21           MS. FEDERIGHI:  That works for the defendants, Your
22  Honor.
23           THE COURT:  Great.
24           MR. ALDERDICE:  And that works for the plaintiffs,
25  Your Honor.

1    THE COURT: Super. All right, so that is 6/13, why
2 don't we make it right at 1:00 p.m., that way you don't have to
3 cut your lunch short. And I think whoever was good enough to
4 arrange this status call, would you be willing to either
5 circulate a dial in number or otherwise arrange for the
6 telephone conference call? And please let me know in advance
7 if you believe it would be necessary for me to have a recording
8 of it on the record. There is not a whole lot we did today
9 that wasn't just simply scheduling and I never really know and
10 I would rather have the record going than not have it if I need
11 it.
12    But if it is just going to be talking about
13 scheduling, I mean, if we are dealing with letter requests I am
14 pretty fast in issuing a letter order and that helps me to do
15 things quickly. But if you think that we should have it on the
16 recording, then let me know that and I will make the
17 arrangements to do that, otherwise I won't.
18    And I will expect to speak with you and have some
19 written submissions before then on June 13, Wednesday at 1:00
20 p.m. Any other --
21    MS.         : Judge, this is Lisa. I believe you
22 have a bench meeting at 1:00 that day.
23    THE COURT: Not that day, I am talking with -- I am
24 not going to -- I am going to take their phone call first.
25    MS.         : Okay.

1     THE COURT: This is something that I want to give
2  some priority to, I don't want to push it out beyond 2:00 and I
3  have some other scheduling matters after that.  But thank you
4  for reminding me of that.  So it will be 6/13/18 at 1:00 p.m.
5  and I will talk with you beforehand and read what you submit
6  beforehand.  Thank you very much.
7     MR. ALDERDICE: Your Honor, I am sorry, Your Honor?
8     THE COURT:  Yes?
9     MR. ALDERDICE:  I am sorry, the plaintiffs had one
10 separate housekeeping matter, very quickly.  The -- we have
11 been working on resolving, there is a docket notification
12 received about the admission of the plaintiffs' addresses and
13 the complaint caption.  And we have been working on resolving
14 that and we would like to file that information as a notice in
15 order to avoid using the plaintiffs one amendment.  And we just
16 wanted to clear that with you and make sure that that was
17 proper.
18    THE COURT:  Well do the defendants -- it is a non,
19 look everybody knows that when we talk about an amendment what
20 we are really talking is a substantive amendment.  And I would
21 like to at least -- I have -- we would have no shortage of
22 people who disagree about in this case but I would like to be
23 able to not have to get too clever by how in terms of how we
24 just put the address which is what the requirement is without
25 having lost an opportunity.

1            And you have to understand that if there is a motion
2    to dismiss filed, and you believe that you can amend to address
3    it, I am going to get a letter from you saying that we think we
4    can amend to address it and I am going to talk about that and
5    you can amend once as a matter of course within a certain
6    period of time but thereafter that was my -- my order and I
7    don't plan games on that.
8            If there is a reason to amend and there has been
9    diligence and there hasn't been game playing, then I am not
10   going to prevent someone from a reasonable opportunity to amend
11   and I am certainly not going to prevent them from amending
12   substantively in the face of a motion to dismiss if they think
13   they can cure it in good faith by pleading something else
14   because they filed an amended complaint that had an address in
15   it.
16           I don't -- I think the Government is competent
17   enough about its arguments when they would not have to rely
18   upon something as technical as that to try to oppose a motion
19   to amend.  Is that not correct, Ms. Federighi?
20           MS. FEDERIGHI:  Yes, that is correct, Your Honor.
21   The defendants have no objection to them amending the complaint
22   in that manner.
23           THE COURT:  It is just to put the addresses on
24   right, Mr. Alderdice?
25           MR. ALDERDICE:  Yes.  Yes.  That is right.

1     THE COURT: All right, okay, so that will be fine.
2  Anything else you want to --
3     MR. ALDERDICE: No that is all, thank you, Your
4  Honor.
5     THE COURT: All right, everybody. Thank you very
6  much and --- I have all of the reports and view your
7  submissions and working with you to see how best to move this
8  case forward. Have a good afternoon.
9     MR. ALDERDICE: Thank you, Your Honor.
10    MS. FEDERIGHI: Thank you, Your Honor.
11    (Whereupon, at 4:24 p.m., the telephone conference
12 concluded.)
13
14
15
16
17
18
19
20
21
22
23
24
25 Keynote: "---" indicates inaudible in transcript.

<u>C E R T I F I C A T E</u>

      I certify that the foregoing is a correct transcript from the duplicated electronic sound recording of the proceedings in the above-entitled matter.

*Lisa Contreras*     5/16/2018
Lisa N. Contreras          Date
Certified Transcriber
Certificate No. CET**D-474