UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0670
(301) 344-3910 FAX

July 5, 2018

RE: *NAACP v. Bureau of the Census*
    PWG-18-891

## **LETTER ORDER**

Dear Counsel:

    Thank you for your letter submissions, ECF Nos. 39 and 40, which I have reviewed, along with the pleadings and other materials that you previously submitted regarding expedited preliminary discovery. In ruling on the issues that have been raised, I am informed by the following:

(1) In this district, the conduct of discovery prior to the time that the Court has issued a scheduling order is the exception, rather than the rule;

(2) The Federal Rules of Civil Procedure require that discovery be proportional to the issues of the case, and that it not be excessively burdensome or costly, Fed. R. Civ. P. 26(b)(1);

(3) The Court must limit information sought through the discovery rules if it determines that it "can be obtained from some other source that is more convenient, less burdensome, or less expensive," Fed. R. Civ. P. 26(b)(2)(C);

(4) Defendants have identified publicly available sources of information from which the Plaintiffs may be able to obtain information that they currently seek through formal discovery under the rules of procedure, *see* Defs.' Ltr. 2–3, ECF No. 40;

(5) Defendants have identified with some particularity how compliance with the full array of discovery sought by Plaintiffs would be burdensome and costly, *see id.*; and

(6) The issues the Defendant intends to raise in its motion to dismiss are legal in nature (standing, ripeness, justiciability (political question)), as opposed to failure to plead facts sufficient to state a plausible claim.

    In light of the above, it is appropriate for Defendants to provide Plaintiffs with the information they have offered to produce, described at page 2 of Defendants' Letter, and for Plaintiffs to be allowed to take a narrowly focused Fed. R. Civ. P. 30(b)(6) designee deposition with respect to Defendants' record keeping system and the types of records maintained, so that if the publicly available information proves to be insufficient, and Defendants have documents that are available and otherwise discoverable, any further discovery that may be permitted may be focused as precisely as possible.

Counsel shall confer on the schedule for completing the discovery outlined above at the earliest practicable time. With respect to the Rule 30(b)(6) deposition, it shall be conducted in strict compliance with Rule 30 and the Discovery Guidelines of this Court (Appendix A of this Court's Local Rules). In this regard, please be aware of the limited nature of objections that are allowed during a deposition, set forth in the rules of procedure and Discovery Guidelines; the time limitations for depositions (not to exceed seven hours); the obligation that the designee properly be prepared to answer questions within the scope of the limited areas of the deposition; and that in responding to questions, the deponent must give answers that are complete and unevasive (Fed. R. Civ. P. 37(a)(4)).

In the meantime, unless I hear otherwise from you, the previously agreed schedule for briefing the motion to dismiss will continue to apply.

Although informal, this is an Order of the Court and shall be docketed as such.

Sincerely,

/S/

Paul W. Grimm
United States District Judge