UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0670
(301) 344-3910 FAX

January 7, 2019

RE: *NAACP v. Bureau of the Census*
   PWG-18-891

**LETTER ORDER**

Dear Counsel:

Defendants have filed a Motion to Continue Hearing Due to Lapse in Appropriations, ECF No. 52, and Plaintiffs have filed an Opposition, ECF No. 54. Defendants assert that they cannot work on cases "even on a voluntary basis, except in very limited circumstances, including 'emergencies involving the safety of human life or the protection of property." Defs.' Mot. ¶ 2 (quoting 31 U.S.C. § 1342). Given the undisputed economic consequences of the 2020 Census in terms of appropriation of federal funds, I find that this case, and specifically the hearing set for January 14, 2019, does impact property. Indeed, as Plaintiffs assert, the current shutdown—which the President publicly stated may extend for "months or even years"[1]—supports Plaintiffs' argument that Defendants will not be prepared to conduct the 2020 Census to ensure an actual enumeration. Additionally, I note that the 2020 Census is only fifteen months way, and therefore the issues must be addressed promptly if any effective relief is to be available to the Plaintiffs in the event that they prevail in the litigation. *See* Order Denying Mot. to Stay 2, ECF No. 95 in *La Unión del Pueblo Entero v. Ross*, No. 18-1570-GJH, (D. Md. Dec. 28, 2018) ("[T]he issuance of a stay would substantially prejudice the Plaintiffs who seek efficient resolution of their claims so that their sought after relief—an injunction denying the addition of a citizenship question to the 2020 Census—does not become unattainable as the 2020 Census nears."). As Plaintiffs observed, "Defendants have requested similar delays in other ongoing census litigation and, due to similar concerns, all of the courts to have considered the issue have denied defendants' request." Pls.' Opp'n 1 (citing Order Denying Mot. to Stay 2, ECF No. 95 in *La Unión del Pueblo*; Order Denying Stay Due to Lapse of Appropriations, ECF No. 122 in *California v. Ross*, No. 18-1865-RS (N.D. Cal. Dec. 26, 2018); Order re: 569 Standing Order M10-468, ECF No. 570 in *State of New York v. U.S. Dep't of Commerce,* No. 18-2921-JMF (S.D.N.Y. Jan. 2, 2019)).

I understand that this places the Government's attorneys in a difficult position, and I am respectful of it. I will not require them to appear for the January 14, 2019 hearing, if they believe

---

[1] Madeleine Carlisle, Olivia Paschal, & Elaine Godfrey, The Atlantic *Politics & Policy Daily: My Shutdown Will Go On* (Jan. 4, 2019), https://www.theatlantic.com/politics/archive/2019/01/shutdown-for-months-or-even-years-the-atlantic-politics-policy-daily/579514/.

that they are not able to do so, but it will go forward as planned. Their Motion to Continue, ECF No. 52, IS DENIED.

For purposes of preparing for the hearing, please be advised that Local Rule 702 governs the procedures for student attorneys to appear in court. It establishes to following requirements:

> a. The conduct of the case must be under the supervision of a member of the Bar of this District and that supervisor must be present with and prepared to assist the student at any court appearances, assume full professional responsibility for the student's work, and read, approve and co-sign all documents filed with the Court.
>
> b. The student must be in his or her final two (2) years of law school.
>
> c. The student must be enrolled for credit in a law school clinical program.
>
> d. The program must maintain professional liability insurance for its activities and those of its supervisors and participating students.
>
> e. The student may not accept personal compensation from a client or other source, although the supervisor or the law school clinical program may accept compensation.

Loc. R. 702(2). Additionally,

> [b]efore a student shall be eligible under this Rule, the dean of the student's law school shall file with the Clerk of this Court a petition listing the names of the enrolled students, the names of the supervisors and the address of an office to which the Court may send all notices in connection with this Rule. The petition shall include a certification that, in the opinion of the dean and the faculty, the students have adequate knowledge of the procedural rules and substantive law, and that the activities of the students will be adequately supervised as required by this Rule. Upon written approval by the Chief Judge or a designated judge, of this District, to be filed with the Clerk of this Court, the listed students shall be authorized to practice pursuant to this Rule and subject to the further order of this Court. The written approval of the said judge as to both students and supervisors shall remain in effect for twelve (12) months from the date of approval, unless withdrawn or unless, by further petition by the dean, the said judge shall extend the privilege.

Loc. R. 702(3).

Although informal, this is an Order of the Court and shall be docketed as such.

Sincerely,

/S/
Paul W. Grimm
United States District Judge