919 THIRD AVENUE NEW YORK, NY 10022-3908

JENNER&BLOCK LLP

April 29, 2019

Jeremy M. Creelan
Partner
Tel 212 891 1678
jcreelan@jenner.com

**Via CM/ECF**

The Honorable Paul W. Grimm
United States District Judge
United States Courthouse
6500 Cherrywood Lane
Greenbelt, Maryland 20770

  Re: *NAACP, et al. v. Bureau of the Census, et al.*, No. 8:18-cv-0891 (D. Md.)

Dear Judge Grimm:

Pursuant to the Court's Orders, ECF 3 and 85, Plaintiffs submit this letter regarding their Requests for Production ("RFPs"). Plaintiffs request that, in accordance with this Court's March 11, 2019 Letter Order ("3/11 Order"), the Court direct Defendants to provide a schedule for production that results in production (1) of documents responsive to Plaintiffs' few priority requests by May 6, and (2) of documents responsive to the balance of Plaintiffs' RFPs shortly thereafter to allow Plaintiffs and their expert(s) to review and consider those documents for their expert reports due on or before June 18.

In the teleconference with the Court on March 6, 2019, and again in the March 11 Order, the Court indicated that "[t]he parties should communicate about the document production requests to enable Defendants to meet the Rule 34 deadline or produce the documents on a mutually-agreeable rolling basis." The Court further requested, and Plaintiffs agreed, to identify those requests for production that sought documents of particular importance in order to facilitate Defendants' prompt production. Tr. (Mar. 6, 2019) at 24-25.

On March 26, Plaintiffs emailed proposed RFPs to counsel for Defendants. In the same message, Plaintiffs requested the opportunity to confer later the same week regarding the proposed RFPs. Counsel for all parties spoke by telephone on April 1. Plaintiffs revised their RFPs in light of that conferral, and on April 4, Plaintiffs served on Defendants their RFPs. *See* Attachment 1. These included ten specific document requests. Pursuant to the Court's Order, the parties conferred further on April 19, including about a production schedule. Plaintiffs followed up on April 22 with a letter, *see* Attachment 2, identifying for Defendants five targeted priority requests and confirming this Court's March 11 Order that that those priority documents should be produced by May 6, the date by which plaintiffs requested production pursuant to Rule 34. Plaintiffs also asked Defendants to provide a proposed timeline for producing the remaining responsive documents on a mutually-agreeable rolling basis.

The Honorable Paul W. Grimm
April 29, 2019
Page 2

By letter on April 23, *see* Attachment 3, the Government expressly rejected the Court's instructions and represented that Defendants are "not in a position to determine what documents, if any, can be produced by" the deadline, and are likewise not "in a position" to provide any proposed schedule for rolling production after the deadline.

In short, Plaintiffs have upheld their end of the bargain to prioritize their already-pared down requests and inform Defendants of "the ones that [we] need the most and the fastest," Tr. at 24:24. Plaintiffs have also attempted to negotiate a mutually-agreeable schedule for production that allows for their meaningful review of documents in advance of the June 18 deadline for their experts' reports. Yet, just days before the beginning of May, the Government has effectively refused to comply with this Court's March 11 Order. *See also* Tr. at 24:9-10 (reminding Defendants that they should not wait to produce until "the judge orders me to do it," and that "you have got to come up with a reasonable alternative.")

Given the time-sensitive nature of this litigation, and the approaching deadline for completion of expert reports, Plaintiffs respectfully request that the Court direct Defendants to comply with the 3/11 Order by (1) producing by May 6 documents responsive to Plaintiffs' priority requests and (2) proposing a schedule for rolling production for the remaining responsive documents shortly thereafter to allow for meaningful review and consideration by Plaintiffs and their experts.

Respectfully submitted,

/s/

Jeremy M. Creelan, *pro hac vice*
Susan J. Kohlmann, *pro hac vice*
Jacob D. Alderdice, *pro hac vice*
Jenner & Block LLP
919 Third Avenue
New York, NY 10022-3908
*Counsel for all Plaintiffs*

Rachel Brown,* Law Student Intern
Casey Gilfoil,* Law Student Intern
Daniel Ki,* Law Student Intern
Nikita Lalwani,* Law Student Intern
Abigail Olson, Law Student Intern
Joseph Schottenfeld, Law Student Intern
Charlotte Schwartz, Law Student Intern
Jeffrey Zalesin, Law Student Intern
Joshua Zoffer,* Law Student Intern
Renee Burbank (Bar No. 20839)
Michael J. Wishnie (Bar No. 20350)
Rule of Law Clinic

Yale Law School
127 Wall Street
New Haven, CT 06511
Tel: (203) 436-4780
michael.wishnie@ylsclinics.org
*Counsel for all Plaintiffs*

Anson C. Asaka (Bar No. 20456)
National Association for the Advancement of Colored People, Inc.
4805 Mt. Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5797
Fax: (410) 358-9350

Benjamin D. Alter, *pro hac vice*
National Association for the Advancement of Colored People, Inc.
50 Broadway, 31st Floor
New York, NY 10004
Tel: (212) 626-6412
Fax: (212) 248-5250
*Counsel for Plaintiffs NAACP and Prince George's County NAACP Branch*