IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED
PEOPLE, *et al.*,

        Plaintiffs,

        v.

BUREAU OF THE CENSUS, *et al.*,

        Defendants.

No. 8:18-cv-00891-PWG

**DEFENDANTS' RESPONSE TO**
**PLAINTIFFS NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs recently notified this Court of the Supreme Court's decision in *Department of Commerce v. New York*, 588 U. S. ____ (2019), claiming that this decision "provides further support for Plaintiffs' opposition to Defendants' pending motion to dismiss." Notice of Supp. Authority at 1, ECF No. 131. Plaintiffs are mistaken. Far from supporting Plaintiffs' position, the Supreme Court's decision is fatal to this lawsuit, and the court should accordingly dismiss Plaintiffs' Second Amended Complaint, ECF 95.

Most important, the Supreme Court definitively rejected the notion that each and every census-related decision must bear "a reasonable relationship to the accomplishment of an actual enumeration" under the Enumeration Clause. *See* Slip op. 11–13, ECF No. 131-1 (quoting *Wisconsin v. City of NY*, 517 U.S. 1, 20 (1996)). Quite the opposite, the Supreme Court squarely held that this standard applies only to "decisions about the population count itself." *Id.* at 11. That ends this case. Why? Because this Court previously relied solely on the reasonable-relationship standard that the

1

Supreme Court has now held inapplicable to find Plaintiffs' Enumeration Clause claims—which have nothing to do with "the population count itself"[1]—justiciable. Indeed, this Court held that "a census so poorly designed and so underfunded as to fail to bear a 'reasonable relationship to the accomplishment of an actual enumeration' . . . would be unconstitutional, in violation of the Enumeration Clause. *NAACP v. Bureau of the Census*, --- F. 3d ---, 2019 WL 355743, at *10 (D. Md. Jan. 29, 2019) (quoting *Wisconsin*, 517 U.S. at 19–20); *id.* at *11 (stating that "the *Wisconsin* decision" "established the test for an Enumeration Clause challenge"). And this Court also relied on the now-inapplicable reasonable-relationship standard in holding that Plaintiffs stated a plausible claim for unconstitutional underfunding. *See id.* at *24. This Court should reconsider those rulings in light of this new Supreme Court precedent.

Specifically, even if Plaintiffs' only surviving Enumeration Clause claim—that the 2020 Census is unconstitutionally underfunded—was not moot (it is), and even if the Court had authority to opine on this claim (it does not), *see* Defs.' Mem. at 4-10, ECF No. 95-1, the Supreme Court's decision in *Department of Commerce* forecloses Plaintiffs' challenge. This Court should therefore revisit its prior rulings and hold that Plaintiffs' underfunding claim is not justiciable, or, alternatively, that Plaintiffs fail to state a plausible claim for an Enumeration Clause violation.[2]

---

[1] *See, e.g.*, Pls.' Opp'n to Defs.' First Mot. to Dismiss at 24 n.11 (admitting that "Plaintiffs challenge the very means by which the government plans to distribute, collect, and ensure that the population responds to the questionnaire"); Second Amended Complaint ¶¶ 60-64 (allegations relating to Executive Branch hiring); *cf. Wisconsin*, 517 U.S. at 4 (postcensus decision not to use a particular method to adjust an undercount); *Franklin v. Massachusetts*, 505 U.S. 788, 790-91 (1992) (postcensus decision to allocate overseas military personnel to their home States).

[2] Rather than applying the *Wisconsin* reasonable-relationship standard, the Supreme Court "look[ed] instead to Congress's broad authority over the census, as informed by long and consistent historical practice." Slip op. 12. That inquiry has little relevance here because census funding has consistently changed from every decennial census cycle to decennial census cycle in order to accommodate operational innovations and an ever-growing population. Put another way, a purely history-based test would mean that every decennial census after 1790 was unconstitutional because Congress provided differing levels of funding. This is exactly the type of absurd conclusion expressly rejected by the Supreme Court. *See id.* ("[W]e decline respondents' invitation to measure the

Plaintiffs also rely on *Department of Commerce* to argue that their APA claims—challenging the details of various 2020 Census operations—are not "committed to agency discretion by law." Notice of Supp. Authority at 1–2. But the Supreme Court appropriately cabined its holding to whether "the Census Act commits to the Secretary's unreviewable discretion decisions about *what questions to include* on the decennial census questionnaire." Slip op. 14 (emphasis added). The Court said nothing about whether the minutia of census procedures is committed to agency discretion. *See id.* at 13–16. That is for good reason. As Justice Alito explained, "without an adequate standard of review," "courts reviewing decisions about the 'form and content' of the census would inevitably be drawn into second-guessing the Secretary's assessment of complicated policy tradeoffs," like "the best way to count particular persons or categories of persons with an adequate degree of accuracy," and the "use of followup procedures and other quality control measures." Op. of Alito, J. at 19 & n.13. Worse still, if Plaintiffs could proceed on their unprecedented pre-census challenge to these types of policy judgments, it would "usher in an era of 'disruptive practical consequences,'" which also "weighs against review." *Id.* (quoting *Southern R. Co.* v. *Seaboard Allied Milling Corp.*, 442 U. S. 444, 457 (1979)).

In any event, nothing in Plaintiffs' notice or *Department of Commerce* lends any support to Plaintiffs' baseless APA claims. As Defendants previously explained, Plaintiffs do not challenge any "agency action," much less a "final" agency action. *See* Defs.' Mem. at 11-20. If the Court agrees, it need not reach the committed-to-agency-discretion issue, and Plaintiffs' Second Amended Complaint should be dismissed in its entirety.

---

constitutionality of the citizenship question by a standard that would seem to render every census since 1790 unconstitutional.").

DATED: July 1, 2019                         Respectfully submitted,

                                            JOSEPH H. HUNT
Assistant Attorney General

JAMES M. BURNHAM
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

JOSHUA E. GARDNER
Special Counsel, Federal Programs Branch

*/s/ Stephen Ehrlich*
STEPHEN EHRLICH
CHRISTOPHER M. LYNCH
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC  20005
Tel.:  (202) 305-9803
Email:  stephen.ehrlich@usdoj.gov

*Counsel for Defendants*