919 THIRD AVENUE  NEW YORK  NEW YORK  10022-3908                                    **JENNER&BLOCK** LLP

July 1, 2019

Jeremy M. Creelan
Tel +1 212 891 1678
jcreelan@jenner.com

**Via CM/ECF**
The Honorable Timothy J. Sullivan
United States Magistrate Judge

   Re: *NAACP, et al. v. Bureau of the Census, et al.*, No. 8:18-cv-00891 (D. Md.)

Dear Judge Sullivan:

 Plaintiffs submit this letter to challenge the Defendants' assertion of privilege over four PowerPoint presentations related to the 2017 Life Cycle Cost Estimate ("LCCE") and Basis of Estimate ("2017 BoE") for the 2020 Census, and to request *in camera* review of those documents.

   **1. Defendants Have Not Shown that the Privilege Applies to the Presentations**

Defendants bear the burden to be "precise and conservative" in their deliberative process privilege claims, *Ethyl Corp. v. EPA*, 25 F.3d 1241, 1248 (4th Cir. 1994), and to establish that their withheld materials are deliberative and pre-decisional. Defendants have withheld three versions of a PowerPoint presentation entitled "2017 LCCE Rollout Slides Framework.pptx." The privilege log submitted by Defendants merely recites that each presentation is a "[p]redecisional draft presentation prior to 2017 Lifecycle Cost Estimate, which includes draft recommendations, advice, and cost estimates." This boilerplate statement is insufficiently precise to explain why the presentations are protected by the privilege. As a result, Defendants have not shown that the deliberative process privilege applies to these presentations.

   **2. Even if the Privilege Applies, It Is Overcome by the Needs of This Case**

The LCCE and the BoE are at the "crux" of Plaintiffs' underfunding claim, as they represent the Census Bureau's public statements regarding the component costs of the Decennial Census, and form the basis for budget requests and for internal allocation of appropriated funds. Accordingly, there is a clear need for the production of the withheld presentations, even if they are privileged, to allow for the full evaluation of the reasonableness of the budgetary decisions reflected in the LCCE and BoE. The Bureau's rationales for these decisions goes to the accuracy and constitutional adequacy of the enumeration to be conducted. (ECF 64, at 20 ("[A] census so poorly designed and so underfunded as to fail to bear a 'reasonable relationship to the accomplishment of an actual enumeration' . . . would be unconstitutional.").) These presentations could contain explanations for budget cuts and other cost-related decisions that

undermine the stated rationales in the 2017 LCCE and BoE. Plaintiffs are entitled to discovery that could reveal that the Census Bureau's proffered explanations are pretextual. *Cf. Dep't of Commerce v. New York*, No. 18-966, Slip Op. at 23-28 (S. Ct. June 27, 2019) (holding that Department of Commerce offered pretextual explanation for Census design). These presentations are therefore essential to the Plaintiffs' case and must be disclosed so that the Plaintiffs can have a full understanding of the reasoning underlying the LCCE and BoE, and to probe these questions during depositions.

As the Plaintiffs noted in their June 19, 2019 letter motion, there is a protective order governing discovery in this case (ECF 122). Assuming Defendants designate the spreadsheets "Confidential," Plaintiffs will be barred from sharing the spreadsheets with the public. For this reason, and for the reasons explained above, there is no cost associated with their disclosure.

### 3. *In Camera* Review Is Needed to Determine Whether the Privilege Applies

As described above, Defendants have wholly failed to carry their burden of precisely explaining why the presentations it has withheld are protected by the deliberative process privilege. In order for the Court to accurately assess whether the privilege applies, and if so whether it is overcome by the Plaintiffs' needs, the Plaintiffs request *in camera* review of the four presentations.

Respectfully submitted,

/s/ Jeremy M. Creelan

| | |
|---|---|
| Rachel Brown, Law Student Intern | Jeremy M. Creelan, *pro hac vice* |
| Casey Gilfoil,[*] Law Student Intern | Susan J. Kohlmann, *pro hac vice* |
| Daniel Ki,[*] Law Student Intern | Jacob D. Alderdice, *pro hac vice* |
| Nikita Lalwani, Law Student Intern | Jenner & Block LLP |
| Joshua Zoffer, Law Student Intern | 919 Third Avenue |
| Renee Burbank (Bar No. 20839) | New York, NY 10022-3908 |
| Michael J. Wishnie (Bar No. 20350) | *Counsel for all Plaintiffs* |
| Rule of Law Clinic | |
| Yale Law School[†] | Anson C. Asaka (Bar No. 20456) |
| 127 Wall Street | National Association for the Advancement of |
| New Haven, CT 06511 | Colored People, Inc. |
| Tel: (203) 436-4780 | 4805 Mt. Hope Drive |
| michael.wishnie@ylsclinics.org | Baltimore, MD 21215 |
| *Counsel for all Plaintiffs* | Tel: (410) 580-5797 |
| | Fax: (410) 358-9350 |
| | *Counsel for Plaintiffs NAACP and Prince George's County NAACP Branch* |

---

[*] Law student interns. Petitions to practice forthcoming.
[†] This letter does not purport to state the views of Yale Law School, if any.

Benjamin D. Alter, *pro hac vice*
National Association for the Advancement of
Colored People, Inc.
50 Broadway, 31st Floor,
New York, NY 10004
Tel: (212) 626-6412
Fax: (212) 248-5250
*Counsel for Plaintiffs NAACP and Prince
George's County NAACP Branch*