**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>BUREAU OF THE CENSUS, et al.,<br><br>*Defendants*. | Case No. 8:18-cv-00891-PWG |

**PLAINTIFFS' COMBINED MOTION AND MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d)**

Plaintiffs the National Association for the Advancement of Colored People (NAACP), Prince George's County, Maryland, the Prince George's County Maryland Branch NAACP, Robert Ross, and Elizabeth Johnson respectfully move for an order pursuant to Federal Rule of Civil Procedure 56(d) denying or deferring consideration of Defendants' motion for summary judgment on Plaintiffs' claim brought under the Enumeration Clause of Article I, Section 2 of the U.S. Constitution. Plaintiffs' Enumeration Clause claim is still at the pleading stage. Plaintiffs have had no opportunity for discovery to test the central premises of Defendants' summary judgment motion and cannot respond fully to it. Accordingly, as set forth herein and in the accompanying Declaration of Jeremy M. Creelan, Defendants' summary judgment motion should be denied, or deferred pending Plaintiffs' obtaining discovery on the factual assertions in Defendants' motion.

## BACKGROUND

Almost two years ago, Plaintiffs filed this action, alleging that the deficiencies in

Defendants' plans and preparations for the 2020 Census violated the Enumeration Clause. ECF No. 1. In their original March 28, 2018 complaint, Plaintiffs singled out the same pressing concerns that they continue to assert in their pending preliminary injunction motion: Defendants' plans for the 2020 Census were proceeding with massive cuts in the resources needed to reach the hard-to-count communities represented by Plaintiffs, including providing an unreasonably small number of enumerators and field offices, and cutting community outreach, and that Defendants were attempting to justify these cuts by relying on new and under-tested technologies, such as an online response program. *Id.* ¶¶ 46, 67–88. Plaintiffs alleged that these reductions would inevitably result in a significant differential undercount of their communities, leading to a loss of federal funding and political representation. *Id.* ¶¶ 95–117.

The Court allowed narrow discovery in fall 2018, namely limited production of documents pertaining to Defendants' cost estimates and a Rule 30(b)(6) deposition of Burton Reist, a Census Bureau official, limited to agency record-keeping. ECF No. 42. On January 29, 2019, however, the Court granted Defendants' motion to dismiss Plaintiffs' Enumeration Clause claims for injunctive relief at the pleading stage, holding that they were not ripe at the time, and dismissing them "without prejudice to being reinstated at a later time." ECF No. 64 at 34. The Court denied Defendants' motion in part, holding that Plaintiffs could proceed on a claim for declaratory relief that the 2020 Census was underfunded, allowing "narrowly targeted discovery" related to the "impact of the lapse of funding" caused by the then-pending government shutdown. *Id.* at 37.

In spring and summer 2019, in preparation for a motion for preliminary relief, Plaintiffs then obtained modest additional discovery: updated records on cost estimates, a 30(b)(6) deposition on topics related to underfunding, and cost estimates of Census Bureau employee Benjamin Taylor, and a fact deposition of Bureau employee Edward Kobilarcik. On August 1,

however, this Court dismissed the balance of the Enumeration Clause claim. ECF No. 154. On December 19, 2019, the Fourth Circuit Court of Appeals reversed the dismissal of Plaintiffs' Enumeration Clause claims. *Nat'l Ass'n For the Advancement of Colored People v. Bureau of the Census*, 945 F.3d 183, 187 (4th Cir. 2019).

On January 10, 2020, Plaintiffs filed a Third Amended Complaint, alleging that Defendants' decisions to reduce the partnership program, to hire an unreasonably small number of enumerators, and to drastically reduce the number of field offices, among other actions, demonstrated their "abandonment of the Bureau's congressionally designated goal of reaching hard-to-count communities in the 2020 Census and bear no reasonable relationship to the Bureau's constitutional mandate to accurately enumerate the population." ECF No. 168 ¶¶ 37–38.

Without the opportunity to take any new discovery, on February 11, 2020, Defendants moved to dismiss and for summary judgment on Plaintiffs' Enumeration Clause claims. Defendants' motion for summary judgment rests on newly raised, unexplored factual assertions supported by five newly-produced declarations from Bureau employees. ECF No. 170 at 33–35.

**ARGUMENT**

A court must grant a Rule 56(d) motion "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *McCray v. Maryland Dep't of Transp., Maryland Transit Admin.*, 741 F.3d 480, 483–84 (4th Cir. 2014) (quoting *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002)) (reversing the district court's grant of summary judgment without sufficient discovery). Rule 56(d) motions are "broadly favored and should be liberally granted because the rule is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Baltimore*, 721 F.3d 264, 281 (4th Cir.

2013) (citation omitted) (reversing district court's grant of summary judgment where the plaintiffs did not take discovery on their claims). Courts regularly refuse to consider summary judgment arguments where, like here, the parties "have not yet had the opportunity to engage in discovery" related to the relevant claims. *See, e.g.*, *Goldstein v. Univ. of Maryland*, 2019 WL 4467035, at *13 (D. Md. Sept. 17, 2019) (declining to consider summary judgment arguments and holding that the "parties may, if they so choose, file motions for summary judgment upon the completion of discovery"); *Plummer v. Wright*, 2017 WL 4417829, at *4 (D. Md. Oct. 3, 2017) (granting 56(d) motion and declining to address motion for summary judgment).

Plaintiffs have not conducted any discovery on their Enumeration Clause claims, other than a limited amount of "narrowly targeted discovery" that related to the funding available to the Census Bureau. *See* Rule 56(d) Declaration of Jeremy M. Creelan ("Creelan Decl.") ¶¶ 3–12, 20. In their motion for summary judgement, Defendants make several factual assertions supporting their views of their plans for the 2020 Census, including, among other things, that "the Bureau will deploy 2020 enumerators in a strategic and targeted way, to maximize the chances of an accurate count for hard-to-count populations," and "the 2020 census is not reliant on paper for tracking information, which reduces the need for physical office space and clerical support." ECF No. 170 at 33–34. But Plaintiffs have not had discovery on their Enumeration Clause claims, including Defendants' "strategy" for deploying enumerators. Thus, Defendants' assertions that, for example, their deployment of their drastically reduced number of enumerators will be "strategic and targeted," are presently unverifiable. Defendants have begun to recognize that their plans initially called for too few enumerators, increasing their hiring goals by tens of thousands. *Compare* ECF No. 169-1 (noting that, according to the Bureau's 30(b)(6) witness, it would deploy approximately 260,000 enumerators) *with* ECF No. 170 at 5 (stating that the Bureau will now employ 320,000 to

500,000 enumerators). Publicly available evidence, including the February 2020 GAO Report, calls Defendants' assertions regarding their "strategic and targeted" plan into question, as they are lagging in their hiring of enumerators. ECF No. 172-1 at 5–6.

As set forth in the accompanying Creelan Declaration ¶¶ 14–19, Plaintiffs have not had the opportunity to test other key factual assertions by Defendants that underlie their summary judgment motion in discovery, including:

- Defendants assert that "the Bureau will deploy 2020 enumerators in a strategic and targeted way, to maximize the chances of an accurate count for hard-to-count populations." ECF No. 170 at 33–34. But in addition to the concerns raised above regarding Defendants' slow hiring progress for their recently revised hiring targets, the number of enumerators Defendants will deploy are based on unrealistic response-rate estimates. *See* Pls.' Reply Mem. in Further Supp. of Pls.' Mot. for Prelim. Injunction, at 5–6. Plaintiffs are entitled to discovery into Defendants' criteria for how they will deploy enumerators in 2020.
- Defendants assert that "the 2020 Census involves expanded outreach, including to hard-to-count communities, as compared to any previous census." ECF No. 170 at 34. Defendants base this claim on their argument that despite a reduction in total partnership program staffing for the 2020 Census, the particular type of staff they are using will be more effective. ECF No. 170 at 10. But Plaintiffs have taken no discovery into the effectiveness of these different partnership positions, and Defendants are lagging in their goals for establishing the necessary partnerships. ECF No. 172-1 at 3.
- Additionally, Defendants' assertion that "the 2020 Census involves expanded outreach, including to hard-to-count communities" does not mention Defendants' elimination of fixed-location questionnaire assistance centers ("QACs") or explain how Defendants'

recently-created mobile QAC program will reach hard-to-count communities where they are most needed. *See id.* at 12. Plaintiffs have not taken discovery into the mobile QAC program.

- Defendants assert that the "plans for the 2020 Census were supported by extensive research and testing." ECF No. 170 at 34. As Plaintiffs alleged, Defendants cancelled or reduced the scope of several of their key tests in the lead-up to the 2020 Census. ECF No. 168 ¶¶ 32, 89. The effect of these cancellations is unevaluated.
- Defendants assert that "Defendants' reservation of funding to address risks and contingencies is consistent with congressional intent and appropriately avoids unnecessary spending." ECF No. 170 at 34. Defendants base this contention on their ability to add additional resources in the late stages of the census if response rates are low, a questionable premise in light of Defendants' current deficiencies in hiring. Moreover, there are significant and urgent questions as to Defendants' planning for risks such as cyber-attack, which would undermine public confidence in the census and require additional infusions of resources. *See* ECF No. 172-1, 172-2.
- Defendants assert that "the 2020 census is not reliant on paper for tracking information, which reduces the need for physical office space and clerical support." ECF No. 170 at 33. But publicly available information, including the February 2020 Report of the Government Accountability Office, suggests that the new technology upon which Defendants are relying in place of paper, physical offices, and 2010 levels of staffing is untested, in flux, and likely to increase the census undercount.

As part of Defendants' motion for summary judgment, they have submitted the declarations of five Bureau employees: Benjamin Taylor, Deborah Stempowski, Deirdre Dalpiaz Bishop,

Burton H. Reist, and Patrick J. Cantwell. Of these individuals, Plaintiffs have only had the opportunity to depose Mr. Reist on the topic of recordkeeping, *see* ECF No. 42, and Mr. Taylor on topics related to the underfunding claim. *See* Creelan Decl. ¶ 20. At a minimum, Plaintiffs should be permitted to depose these declarants on the topics of their summary judgment declarations. *See, e.g.*, *Doe v. Chesapeake Med. Sols., LLC*, 2019 WL 6497962, at *4 (D. Md. Dec. 2, 2019) (granting 56(d) motion and declining to consider summary judgment motion based on the plaintiff's inability to take discovery, including, among other things, necessary depositions).

Defendants' failures in planning for the 2020 Census, which they now rebut in seeking summary judgment with these five newly produced, untested witness declarations, are tied to their decisions to prioritize cost-cutting over achieving "distributive accuracy," a regimen which on its face bears no "reasonable relationship" to the constitutional purposes of the census. *Wisconsin v. City of New York*, 517 U.S. 1, 20 (1996). Absent discovery, Plaintiffs "cannot adequately oppose" this summary judgment motion and should have an opportunity for discovery into the factual assertions on which Defendants rely. *Baltimore Pregnancy Center*, 721 F.3d at 281. Accordingly, Defendants' motion for summary judgment should be denied, or deferred pending discovery.

**CONCLUSION**

In light of the foregoing, and as set forth in the accompanying Rule 56(d) Declaration of Jeremy M. Creelan, Plaintiffs respectfully request that the Court deny Defendants' motion for summary judgment, or defer ruling pending Plaintiffs' taking of discovery on Defendants' factual assertions.

Dated: February 25, 2020

Respectfully submitted,

/s/Michael J. Wishnie________

Rachel Brown, Law Student Intern
Lisa Chen, Law Student Intern
Daniel Ki, Law Student Intern
Nikita Lalwani, Law Student Intern
Geng Ngarmboonanant, Law Student Intern
Sommer Omar, Law Student Intern†
Laura Pietrantoni, Law Student Intern
Matthew Quallen, Law Student Intern†
Joshua Zoffer, Law Student Intern
Renee Burbank (Bar No. 20839)
Michael J. Wishnie (Bar No. 20350)
Peter Gruber Rule of Law Clinic
Yale Law School*
127 Wall Street
New Haven, CT 06511
Tel: (203) 436-4780
michael.wishnie@ylsclinics.org
*Counsel for all Plaintiffs*

Jeremy M. Creelan, *pro hac vice*
Susan J. Kohlmann, *pro hac vice*
Jacob D. Alderdice, *pro hac vice*
Jenner & Block LLP
919 Third Avenue
New York, NY 10022-3908
Tel: (212) 891-1600
jcreelan@jenner.com
skohlmann@jenner.com
*Counsel for all Plaintiffs*

Anson Asaka (Bar No. 20456)
National Association for the Advancement of Colored People, Inc.
4805 Mt. Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5797
Fax: (410) 358-9350
*Counsel for Plaintiffs NAACP and Prince George's County NAACP Branch*

† Motion for Law Student Intern Appearance forthcoming.

* This brief does not purport to state the views of Yale Law School, if any.