UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NAACP, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BUREAU OF THE CENSUS, *et al.*,<br><br>　　　　Defendants. | **Case No. 8:18-cv-00891-PWG**<br><br>Hon. Paul W. Grimm |

### DECLARATION OF JEREMY M. CREELAN IN SUPPORT OF PLAINTIFFS' MOTION PURSUANT TO RULE 56(d) AND IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT

I, Jeremy M. Creelan, hereby declare:

1.　　I am a partner with the law firm of Jenner & Block LLP, which represents Plaintiffs NAACP, Prince George's County, Maryland, the Prince George's County Maryland Branch NAACP, Elizabeth Johnson, and Robert Ross in this action. I submit this declaration based on my personal knowledge, information, and belief.

2.　　Although Defendants' motion for summary judgment should be denied outright, Plaintiffs submit this Declaration to demonstrate that they cannot present facts essential to support their opposition to Defendants' motion because Plaintiffs' Enumeration Clause claims are at the pleading stage and Plaintiffs have had almost no discovery on these particular claims.

3.　　On March 28, 2018, Plaintiffs brought this action, alleging that Defendants' plans and preparations for the 2020 Census were so deficient as to Defendants' ability to reach hard-to-count communities that Defendants were in violation of the Enumeration Clause of Article I, Section 2 of the United States Constitution. *See* ECF No. 1.

4. The Court allowed narrow discovery in advance of Defendants' motion to dismiss, limited to cost-estimate records and a single Rule 30(b)(6) deposition of a Census Bureau official knowledgeable about agency record-keeping practices, so that "any further discovery that may be permitted may be focused as precisely as possible." ECF No. 42.

5. On January 29, 2019, the Court granted in part and denied in part Defendants' motion to dismiss the Complaint. ECF No. 64. The Court held that Plaintiffs' claim for injunctive relief "as to the methods and means the Bureau plans to employ in the 2020 Census" was not ripe at the time, and dismissed that claim without prejudice. *Id.* at 34. However, the Court held that Plaintiffs could proceed with a claim for declaratory relief that the Bureau lacked sufficient funding to carry out the 2020 Census, which would entail "narrowly targeted discovery" related to the "impact of the lapse of funding" caused by the then-pending government shutdown. *Id.* at 37.

6. On February 28, 2019, the Court denied Plaintiffs' request to reinstate their Enumeration Clause claims for injunctive relief, following the Defendants' release of their Final Operational Plan for the 2020 Census. ECF No. 76. The Court allowed Plaintiffs to file a Second Amended Complaint asserting claims under the Administrative Procedure Act ("APA"). *Id.*

7. From March 2019 through July 2019, Plaintiffs pursued the "narrowly targeted discovery" allowed by the Court, relating to Defendants' funding for the 2020 Census. This discovery included a limited production of documents pertaining to Defendants' cost estimates, a 30(b)(6) deposition on topics related to underfunding and cost estimates of Bureau employee Benjamin Taylor, and a fact deposition of Bureau employee Edward Kobilarcik.

8. On August 1, 2019, the Court granted Defendants' second motion to dismiss in its entirety. ECF No. 154. The Court dismissed Plaintiffs' "underfunding claim" as moot based on Congress's allocation of the Bureau's requested funds in the 2019 Appropriations Act, and further held that the underfunding claim was also non-justiciable as a result. ECF No. 154 at 7–15. The Court also dismissed Plaintiffs' APA claims on the pleadings. *Id.* at 25.

9. On December 19, 2019, the Fourth Circuit Court of Appeals affirmed in part and reversed in part this Court's dismissal of Plaintiffs' claims. *Nat'l Ass'n For The Advancement of Colored People v. Bureau of the Census*, 945 F.3d 183, 187 (4th Cir. 2019). The Court of Appeals affirmed this Court's dismissal of the APA claims, but reversed the dismissal of Plaintiffs' Enumeration Clause claims for injunctive relief as to Defendants' "methods and means" of conducting the 2020 Census. *Id.* at 193.

10. On January 10, 2020, Plaintiffs filed their Third Amended Complaint, re-asserting their Enumeration Clause claims for injunctive relief. ECF No. 168.

11. On February 11, 2020, Defendants filed their motion to dismiss and motion for summary judgment dismissing Plaintiffs' Enumeration Clause claims. ECF No. 170.

12. This Court dismissed Plaintiffs' Enumeration Clause claims at the pleading stage in its January 2019 opinion, and in the month between Plaintiffs' January 2020 reinstatement of those claims and Defendants' February 2020 motion for summary judgment, Plaintiffs have not taken discovery on those claims.

13. As a result, Plaintiffs have not taken discovery on the contentions upon which Defendants premise their summary judgment motion. *See* ECF No. 170 at 33.

14. Plaintiffs have not had sufficient discovery to evaluate Defendants' assertion that the "Bureau will deploy 2020 enumerators in a strategic and targeted way, to maximize the

chances of an accurate count for hard-to-count populations." ECF No. 170 at 34. Plaintiffs have had no discovery into Defendants' "strategy" for deploying enumerators, including as to how Defendants will reach hard-to-count populations with over one hundred thousand fewer enumerators than Defendants used in 2010. *See* ECF No. 168 at ¶ 57. Although Defendants have recently recognized that they had been relying on too few enumerators for the 2020 Census and have since begun increasing their target numbers, they are struggling to meet their hiring goals. ECF No. 172-1 at 2. In addition to these concerns about Defendants' slow hiring progress for their recently revised hiring targets, the number of enumerators Defendants will deploy are based on unrealistic response-rate estimates. *See* Pls.' Reply Mem. in Further Supp. of Pls.' Mot. for Prelim. Injunction, at 5–6. Plaintiffs have taken no discovery into Defendants' criteria for how they will deploy enumerators in 2020.

15. Plaintiffs have not had sufficient discovery to evaluate Defendants' assertion that "the 2020 Census involves expanded outreach, including to hard-to-count communities, as compared to any previous census." ECF No. 170 at 34. Defendants base this claim on their argument that despite a reduction in total partnership program staffing for the 2020 Census, the particular type of staff they are using will be more effective. ECF No. 170 at 9-10. But Plaintiffs have taken no discovery into the effectiveness of these different partnership positions, and publicly available evidence indicates Defendants are lagging in their goals for establishing the necessary partnerships. ECF No. 172-1 at 3.

16. Additionally, Defendants' above assertion that the "the 2020 Census involves expanded outreach, including to hard-to-count communities," does not mention Defendants' elimination of fixed-location questionnaire assistance centers ("QACs") or explain how Defendants' recently-created mobile QAC program will reach hard-to-count communities where

4

they are most needed.  Plaintiffs have not taken discovery into the mobile QAC program, and thus cannot evaluate Defendant's assertion about expanded outreach, which is based on use of this program.

17.     Plaintiffs have not had sufficient discovery to evaluate Defendants' assertion that the "plans for the 2020 Census were supported by extensive research and testing."  ECF No. 170 at 34.  As Plaintiffs alleged, Defendants cancelled or reduced the scope of several of their key tests in the lead-up to the 2020 Census.  ECF No. 168 ¶¶ 32, 89.  Plaintiffs have not had discovery regarding the effects of these cancellations.

18.     Plaintiffs have not had sufficient discovery to evaluate Defendants' assertion that "Defendants' reservation of funding to address risks and contingencies is consistent with congressional intent and appropriately avoids unnecessary spending."  ECF No. 170 at 34.  Defendants base this contention on their ability to add additional resources in the late stages of the census if response rates are low, a questionable premise in light of Defendants' current deficiencies in hiring. Moreover, there are significant and urgent questions as to Defendants' planning for risks such as cyber-attack, which would undermine public confidence in the census and require additional infusions of resources.  *See* ECF No. 172-1, ECF No. 172-2.

19.     Plaintiffs have not had sufficient discovery to evaluate Defendants' assertion that "the 2020 census is not reliant on paper for tracking information, which reduces the need for physical office space and clerical support."  ECF No. 170 at 33.  Indeed, publicly available information, including the February 2020 Report of the Government Accountability Office, ECF No. 172-1, suggests that the new technology upon which Defendants are relying in place of paper, physical offices, and 2010 levels of staffing is untested, in flux, and likely to increase the census undercount.

20. Defendants supported these assertions with declarations from five Bureau employees: Benjamin Taylor, Deborah Stempowski, Deirdre Dalpiaz Bishop, Burton H. Reist, and Patrick J. Cantwell. Of these individuals, Plaintiffs have only had the opportunity to depose Mr. Reist—and only on the topic of recordkeeping, and Mr. Taylor—and only on topics related to the underfunding claim.

21. In light of the foregoing, Plaintiffs are unable to respond fully to the contentions in Defendants' motion for summary judgment.

22. Attached hereto as Exhibit 1 is a true and correct copy of a letter from Senator Jack Reed to Director of the Census Bureau, Steven D. Dillingham (Dec.10, 2019).

23. Attached hereto as Exhibit 2 is a true and correct copy of a letter from Director of the Census Bureau, Steven D. Dillingham, to Senator Jack Reed regarding the 2020 Census Mobile Response Initiative (Aug. 12, 2019).

24. Attached hereto as Exhibit 3 is a true and correct copy of a letter from Senator Jack Reed to Director of the Census Bureau, Steven D. Dillingham (July 1, 2019).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 25th day of February 2020 in New York, New York.

/s/Jeremy M. Creelan_____

Jeremy M. Creelan