**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al., | |
| *Plaintiffs*, | |
| v. | Case No. 8:18-cv-00891-PWG |
| BUREAU OF THE CENSUS, et al., | |
| *Defendants.* | |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR
MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d)**

Plaintiffs respectfully submit this reply memorandum of law in further support of their motion for an order pursuant to Rule 56(d) denying or deferring consideration of Defendants' premature motion for summary judgment on Plaintiffs' claims. In Defendants' motion for summary judgment and opposition to Plaintiffs' 56(d) motion, they continue to rely on declarations—now eight in total—from witnesses, all but two of whom have never been deposed in this case, and who make claims that are untested in discovery and contingent on future events. Defendants also misrepresent the amount of discovery that Plaintiffs have obtained on their Enumeration Clause claim. In short, Defendants' motion is based on assertions for which Plaintiffs have taken no discovery, making summary judgment improper. Plaintiffs seek promptly to test these assertions and those Defendants made in response to Plaintiffs' preliminary injunction motion—about which Defendants volunteered on the record to provide status reports in this case. Accordingly, Defendants' summary judgment motion should be denied, or deferred pending Plaintiffs obtaining discovery on the factual assertions in Defendants' motion.

I.      **Plaintiffs' Claims Have Just Been Reinstated and No Discovery Has Occurred On Those Claims, Making Summary Judgment Inappropriate.**

This Court dismissed Plaintiffs' Enumeration Clause claims on the pleadings as unripe in January 2019, except for a narrow underfunding claim no longer at issue, and those claims were reinstated in January 2020 following the Fourth Circuit's reversal. *See* ECF No. 176 at 2–3. Defendants moved for summary judgment only one month after Plaintiffs reinstated their Enumeration Clause claims in their Third Amended Complaint. *Id.* Accordingly, contrary to Defendants' arguments in their opposition brief, this is a case in which Plaintiffs have taken essentially *no* discovery on their claims, *see* ECF No. 176.1, Rule 56(d) Declaration of Jeremy M. Creelan ("Creelan Decl.") ¶¶ 3–13, and summary judgment based on Defendants' assertions alone is inappropriate. *See, e.g.*, *Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Baltimore*, 721 F.3d 264, 281 (4th Cir. 2013) (reversing district court grant of summary judgment where the plaintiffs did not take discovery on their claims); *Goldstein v. Univ. of Maryland*, 2019 WL 4467035, at *13 (D. Md. Sept. 17, 2019) (granting 56(d) motion and deferring consideration of summary judgment where parties "have not yet had the opportunity to engage in discovery" related to relevant claims).

Defendants attempt to distract from the improper procedural posture for their motion by pointing either to public documents or the limited discovery Plaintiffs obtained related to other claims. But public information is no substitute for discovery; Defendants do not cite any case that allows them to cut short Plaintiffs' opportunity for discovery based on publicly available information. *See Plummer v. Wright*, 2017 WL 4417829, at *4 (D. Md. Oct. 3, 2017) (granting 56(d) motion where the defendants relied upon thousands of pages produced in a separate administrative proceeding and holding that the plaintiff must have "the opportunity to use the discovery provisions of the Federal Rules of Civil Procedure" to substantiate her claims).

Moreover, the discovery Plaintiffs obtained related to their now-dismissed "underfunding claim" was "narrowly targeted discovery" related to the "impact of the lapse of funding" due to the 2018-2019 government shutdown. ECF No. 64 at 37. Defendants point to a small set of questions from the two depositions taken by Plaintiffs as part of that "narrowly targeted discovery" on that claim. *See* ECF No. 178 at 13. But those depositions related only to Defendants' budgetary assumptions, and not to Plaintiffs' broader, reinstated claim or the various assertions made in Defendants' summary judgment motion. Indeed, Defendants' counsel insisted throughout those depositions that questions related to the operation of the census were "way out of scope," and that the depositions were limited to "stuff about budgets and cost estimation."  ECF No. 178-1, Lynch Decl. Ex. B (Taylor Dep. 84:14–22). Defendants now argue that Plaintiffs "chose to focus their questions" on topics unrelated to their now-reinstated claims, and insist that Plaintiffs have taken "significant discovery," ECF No. 178 at 13, 18, but these arguments are incorrect and ignore the posture of this matter and of Plaintiffs' claim.[1]

In light of the early stage of Plaintiffs' Enumeration Clause claims, Defendants' summary judgment motion should be denied or deferred.

## II.     Plaintiffs Have Identified Ample Discovery They Have Not Taken That Is Essential to Their Opposition.

Defendants acknowledge that a court must grant a Rule 56(d) motion "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *McCray v. Maryland Dep't of Transp., Maryland Transit Admin.*, 741 F.3d 480, 483–

---

[1] Defendants repeatedly reference Plaintiffs' arguments in support of their motion for a preliminary injunction as evidence that Plaintiffs have had sufficient discovery to resolve their claims entirely. *See, e.g.*, ECF No. 178 at 1, 8. This argument had little weight prior to the resolution of Plaintiffs' motion, and now the Court has denied preliminary relief, in part because it rested upon speculation about what will happen in the coming months. ECF No. 182 at 3. Defendants' motion and reliance upon Plaintiffs' arguments in that motion is equally speculative, and should be denied, as well.

84 (4th Cir. 2014) (quoting *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002)) (reversing the district court's granting of summary judgment without sufficient discovery). Defendants' motion for summary judgment relies on assertions regarding their "strategy" and plans for conducting the 2020 Census. *See* ECF No. 170 at 33–34. Plaintiffs have identified several pieces of discovery and information that they have not taken—in fact, as stated previously, Plaintiffs have taken *no* discovery on these claims—which is essential to rebutting these assertions. *See* ECF No. 176 at 5–7; Creelan Decl. ¶¶ 14–19. As discussed at the March 5, 2020 conference, both parties agree that there are less burdensome forms of discovery that Defendants can promptly provide to evaluate Plaintiffs' claims and Defendants' assertions.

In their opposition, Defendants insist that the Court may simply trust their witnesses' written statements that certain plans for the 2020 Census are "superior" to those used in the 2010 Census, ECF No. 178 at 12 (quoting Reist Declaration), and that all of the Census Bureau's decisions were "carefully planned . . . to obtain the most accurate enumeration possible." *Id.* at 16. But these assertions are contingent on future events, require the Court to accept the witnesses' credibility instead of Plaintiffs' experts, and leave evidentiary gaps for which Plaintiffs have had no discovery.

For example, Plaintiffs pointed to Defendants' recent significant revision of the number of enumerators they will require for the Bureau's non-response follow-up operations, from an original range of approximately 260,000 to 399,000, to a revised range of approximately 320,000 to 500,000. *See* ECF No. 176 at 4–5. Defendants respond, without explanation or support, that "[t]here was no such 'revision,'" ECF No. 178 at 10, but the *ipse dixit* argument of counsel is not evidence upon which this Court may grant summary judgment. Plaintiffs should have an opportunity to take discovery into, among other things, the "criteria or threshold circumstances

that will trigger the deployment of additional enumerators above Defendants' current low-end target of 320,000" and "the number, location, and timing of the deployment of these additional enumerators." ECF 175 at 35.

Defendants' other attempts to defend their assertions on their papers alone fare no better. Plaintiffs have alleged that Defendants' planned elimination of questionnaire assistance centers, an essential program for reaching hard-to-count communities, is part of Defendants' abandonment of reaching hard-to-count communities constituting a violation of the Enumeration Clause. *See, e.g.*, ECF No. 168 at ¶¶ 115–118. Now, shortly before the census begins, Defendants have announced a mobile questionnaire assistance program that is untested, has no fixed locations, and for which Defendants only assembled a plan last month. *See* ECF No. 175 at 12. In response, Defendants claim that Plaintiffs already "explored [this topic] in discovery." ECF No. 178 at 12. But Defendants point to depositions that Plaintiffs took in July 2019—several months before Defendants even announced their mobile questionnaire assistance program. Plaintiffs are entitled to discovery on, among other things, "the basis on which [Defendants] are deploying M-QAC teams and the sites to which they are being deployed." ECF No. 175 at 35.

Further, Defendants have alleged significant improvements to the Partnership Program, pointing to the increased use of partnership specialists rather than partnership assistants and the fact that the Bureau has recruited more than 300,000 partners. However, Plaintiffs have not yet had the opportunity to test in discovery the Bureau's claims that the partnership program will be more effective with fewer staff; the basis on which entities have been recruited and designated as "partners"; or what quality control measures exist, if any, to ensure that each partner undertakes adequate outreach activities, which the Bureau terms "commitments."

Summary judgment would also be inappropriate in light of the risks of cyber-attacks on

Defendants' planned internet response program, as Plaintiffs have flagged since the start of this case, *see* ECF No. 1 at ¶¶ 81–84, and as the GAO emphasized in its February 2020 Report. *See* ECF No. 172-1. Plaintiffs have challenged Defendants' plans to reduce their on-the-ground resources in favor of increased and under-tested technologies, and have alleged that Defendants' inability to safeguard online responses from cyber-attacks will exacerbate the differential undercount. ECF No. 168 at ¶¶ 85–91. In response, Defendants argue that Plaintiffs have "abandon[ed]" their "cybersecurity claim." ECF No. 178 at 14 n.21. This is incorrect on two levels: (1) Plaintiffs never had a separate "cybersecurity claim"—rather, Plaintiffs have always alleged that Defendants' reliance on new, under-tested technologies while significantly reducing on-the-ground resources will increase the differential undercount; and (2) Plaintiffs have never abandoned these allegations. *See* ECF No. 168 at ¶¶ 85–91. Plaintiffs will seek appropriate discovery related to Defendants' plans for addressing cybersecurity concerns and low reliance on internet response from hard-to-count communities.

Plaintiffs seek prompt discovery into whether Defendants' failures in planning for the 2020 Census are the result of prioritizing cost-cutting over achieving "distributive accuracy," a regimen which bears no "reasonable relationship" to the constitutional purposes of the census. *Wisconsin v. City of New York*, 517 U.S. 1, 20 (1996). As they have in connection with this motion, Plaintiffs will advance specific requests for discovery, and will also accommodate Defendants' reasonable concerns about burdening Census Bureau employees. Accordingly, this is not a case in which Plaintiffs simply seek "discovery for the sake of discovery," rendering all of Defendants' cases inapposite. ECF No. 178 at 17. In *Blankumsee v. Graham*, for example, this Court held, unlike in this case, that the plaintiff had failed to explain how the information he sought was "essential to his opposition." 2016 WL 6837142, at *2 (D. Md. Nov. 18, 2016). But even there, the Court

allowed the plaintiff to supplement his opposition to the defendants' motion for summary judgment. *Id.*

Defendants seek summary dismissal of Plaintiffs' claims before Plaintiffs have had "the opportunity to discovery evidence necessary to [their] claims" is precisely the type of "premature" motion against which the Fourth Circuit has cautioned. *McCray*, 731 F.3d at 481. Absent discovery, Plaintiffs "cannot adequately oppose" this summary judgment motion and should have an opportunity for discovery into the factual assertions on which Defendants rely. *Baltimore Pregnancy Center*, 721 F.3d at 281. Accordingly, Defendants' motion for summary judgment should be denied, or deferred pending discovery.

## CONCLUSION

In light of the foregoing, and as set forth in Plaintiffs' motion and Rule 56(d) Declaration of Jeremy M. Creelan, Plaintiffs respectfully request that the Court deny or defer ruling on Defendants' motion for summary judgment.

Dated: March 18, 2020

Respectfully submitted,

/s/ Jeremy M. Creelan

Rachel Brown, Law Student Intern
Lisa Chen, Law Student Intern
Daniel Ki, Law Student Intern
Nikita Lalwani, Law Student Intern
Geng Ngarmboonanant, Law Student Intern
Sommer Omar, Law Student Intern[†]
Laura Pietrantoni, Law Student Intern
Matthew Quallen, Law Student Intern[†]
Joshua Zoffer, Law Student Intern
Renee Burbank (Bar No. 20839)
Michael J. Wishnie (Bar No. 20350)
Peter Gruber Rule of Law Clinic
Yale Law School[*]
127 Wall Street
New Haven, CT 06511
Tel: (203) 436-4780
michael.wishnie@ylsclinics.org

Jeremy M. Creelan
Susan J. Kohlmann
Jacob D. Alderdice,
Jenner & Block LLP
919 Third Avenue
New York, NY 10022-3908
Tel: (212) 891-1600
jcreelan@jenner.com
skohlmann@jenner.com

Anson Asaka (Bar No. 20456)
National Association for the Advancement
of Colored People, Inc.
4805 Mt. Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5797
Fax: (410) 358-9350
Counsel for Plaintiffs NAACP and Prince
George's County NAACP Branch

---

[†] Motion for Law Student Intern Appearance forthcoming.
[*] This brief does not purport to state the views of Yale Law School, if any.